**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30149 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00026-RRB-1 |
| v. | |
| GUY CHRISTOPHER MANNINO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted December 8, 2017[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Guy Christopher Mannino appeals his jury conviction for three counts of

solicitation of murder in violation of 18 U.S.C. § 373. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1. Sufficient evidence supports Mannino's convictions. *United States v. Romero*, 282 F.3d 683, 686 (9th Cir. 2002). The evidence allowed reasonable jurors to conclude, beyond a reasonable doubt, that Mannino had the requisite intent to solicit the murders. Julius Chambers testified that Mannino asked him to commit the murders, provided him with information about the victims, suggested ways to commit the murders, offered him access to weapons and explosives with which to commit the murders, a place to stay, and aid in escaping. The government presented audio recordings in which Mannino discussed the murder plots with Chambers. And the trial court submitted notes and diagrams detailing Mannino's murder plots—either written by Chambers at the direction of Mannino or written by Mannino himself.

2. There was no error in failing to provide a renunciation defense instruction *sua sponte*. Mannino did not request such an instruction nor did he rely on the defense in his theory of the case. *United States v. Montgomery*, 150 F.3d 983, 996 (9th Cir. 1998). Thus, there was no duty to give the instruction.

3. The alleged instances of prosecutorial misconduct were harmless given the overwhelming evidence of Mannino's guilt. *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190–91 (9th Cir. 2015).

**AFFIRMED.**